IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 BANKRUPTCY |
| CHIDLEY, KEVIN<br>CHIDLEY, LISA | CASE NO. 19-80578 |
| **Debtors.** | |
| Address:   1212 N. 14th Street<br>Rochelle, IL  61068 | |
| Last four digits of SSN:   5230 and 5576 | |

### NOTICE OF MOTION TO AUTHORIZE TRUSTEE TO SELL TRUSTEE'S RIGHT, TITLE AND INTEREST IN UNDIVIDED HALF INTEREST IN CROPS OWNED BY CO-DEBTOR LISA CHIDLEY AND TO ABANDON UNDIVIDED HALF INTEREST IN CROPS OWNED BY CO-DEBTOR KEVIN CHIDLEY COMBINED WITH MOTION TO SHORTEN NOTICE

The Trustee has filed a Motion to Authorize Trustee to Sell the Trustee's Right, Title, and Interest in Undivided Half Interest in Crops Owned by Co-Debtor, Lisa Chidley, and to Abandon Undivided Half Interest in Crops Owned by Co-Debtor, Kevin Chidley. A copy of said Motion referred to herein is available for inspection at the offices of the Clerk of the U.S. Bankruptcy Court or at the offices of Yalden, Olsen & Willette, during usual business hours.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion and want the Court to consider your views on said Motion, then you or your attorney must:

1. File a written response to the above Motion on or before the date set for the hearing on the Motion at the United States Bankruptcy Court, 327 South Church Street, Room 3100, Rockford, Illinois 61101; OR

2. Attend the hearing scheduled to be held on July 3, 2019, at 9:00 a.m. at the United States Bankruptcy Court 327 South Church Street, Room 3100, Rockford, Illinois 61101.

If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

You must also mail a copy to:	Attorney Craig A. Willette
Yalden, Olsen & Willette
1318 E. State Street
Rockford, IL  61104-2228

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion and grant the same.

Dated:  June 27, 2019

_____
Attorney Craig A. Willette
Yalden, Olsen & Willette
1318 E. State Street
Rockford, IL  61104-2228

STATE OF ILLINOIS       ⎫
                        ⎬ SS        **PROOF OF SERVICE**
COUNTY OF WINNEBAGO ⎭

The undersigned, being first duly sworn on oath, deposes and says that she served the attached by placing a true and correct copy of said notice in each envelope, addressed on Exhibit A attached. (Except for the documents to the U.S. Trustee's Office and Debtor's attorney, which should have been served electronically by the Bankruptcy Court.)  That she sealed said envelopes and placed sufficient U.S. postage on each; that she deposited said envelopes so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 o'clock p.m. on the 27th day of June, 2019.

/s/ Colleen M. Lemek

Craig A. Willette - 3021211
Yalden, Olsen & Willette
1318 East State Street
Rockford, IL  61104
(815) 965-8635
craigwillette@comcast.net

Motion to Authorize Sale of Crops.wpd

Maplehurst Farms, Inc.
936 Moore Road
Rochelle, IL 61068-9789

Martin Goodrich & Waddell, Inc.
℅ Jamie S. Cassel, Esq.
2902 McFarland Road, Suite 400
Rockford, IL 61107-6801

Nationstar Mortgage LLC
d/b/a Mr. Cooper
℅ Shapiro Kreisman & Associates, LC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015-1831

ABP Farms Trust / Busey Trust Co.
℅ Martin Goodrich & Waddell Inc.
2020 Aberdeen Court
Sycamore, IL 60178-3140

Ag direct
PO Box 2409
Omaha, NE 68103-2409

Conserv FS
P.O. Box 1550
Woodstock, IL 60098-1550

Daphne & Lloyd Holterman
W3757 Ebenezer Drive
Watertown, WI 53094-8708

Holcomb State Bank
108 W. Main Street
Holcomb, IL 61043

Hubbard Farm
Charles Hubbard
2419 Meridian Road
Chana, IL 61015-9686

Hudson Insurance Group
7300 W. 110th Street, Suite 400
Overland Park, KS 66210-2332

John Deere Financial
℅ Howard & Howard Attorneys PLLC
200 S. Michigan Ave., Suite 1100
Chicago, IL 60604

MGW Real Estate Services
2020 Aberdeen Court
Sycamore, IL 60178-3140

Midland State Bank
℅ Martin, Goodrich & Waddell Inc.
2020 Aberdeen Court
Sycamore, IL 60178-3140

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

Nationstar Mortgage
d/b/a Mr. Cooper
8950 Cypress Waters Blvd.
Coppell, TX 75019-4620

PHI Financial Services
P.O. Box 733260
Dallas, TX 75373-3260

PNC Bank
P5-PCLC-01-CB
2730 Liberty Avenue
Pittsburgh, PA 15222-4704

PNC Bank
P.O. Box 747066
Pittsburgh, PA 15274-7066

Rock Valley Credit Union
1201 Clifford Avenue
Loves Park, IL 61111-7500

Rock Valley Federal Credit Union
561 E. Flagg Road
Rochelle, IL 61068-9266

Sunset Farms
4340 S. Kings Road
Rochelle, IL 61068-9758

Thomas R. Brown & Lori J. Brown
℅ Martin Goodrich & Waddell Inc.
2020 Aberdeen Court
Sycamore, IL 61078-3140

U.S. Bank
P.O. Box 5229
Cincinnati, OH 45201-5229

Kevin Chidley
1212 N. 14th Street
Rochelle, IL 61068-1280

Lisa Chidley
1212 N. 14th Street
Rochelle, IL 61068-1280

Holcomb State Bank
Attorney James Stevens
6833 Stalter Drive
Rockford, IL 61108

Kent Chidley by his representative
and next of kin Kevin Chidley
1212 N. 14th Street
Rochelle, IL 61068-1280

EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**CHIDLEY, KEVIN**<br>**CHIDLEY, LISA**<br><br>                              **Debtors.** | **CHAPTER 7 BANKRUPTCY**<br><br>CASE NO. 19-80578 |

**MOTION TO AUTHORIZE TRUSTEE TO SELL TRUSTEE'S RIGHT,
TITLE AND INTEREST IN UNDIVIDED HALF INTEREST
IN CROPS OWNED BY CO-DEBTOR, LISA CHIDLEY, AND TO ABANDON
UNDIVIDED HALF INTEREST IN CROPS OWNED BY CO-DEBTOR, KEVIN CHIDLEY**

NOW COMES the Chapter 7 Bankruptcy Trustee herein, Richard J. Mason, by his special counsel, Craig A. Willette, who in support of his Motion to Authorize Trustee to Sell His Right, Title and Interest in Undivided Half Interest in Crops Owned by Co-Debtor, Lisa Chidley, and to Abandon Undivided Half Interest in Crops Owned by Co-Debtor, Kevin Chidley, states as follows:

1. The Debtors herein, Kevin Chidley ("Kevin") and Lisa Chidley ("Lisa"), husband and wife, filed a Chapter 7 bankruptcy petition herein on March 13, 2019.

2. The Debtors' bankruptcy schedules/statements identified their ownership interest in certain crops described as 175,000 bushels of corn which they valued at $500,000.00. The estimated value/bushel equaled, approximately, $2.86 per bushel.

3. The Debtors' identified their primary secured creditor as Holcomb Bank and Holcomb Bank asserted a blanket security interest in the above-mentioned crops as well as certain debtor-owned machinery and equipment.

4. To the best of the Trustee's knowledge and belief, per the disclosures made on the Debtors' bankruptcy schedules/statements and Trustee's counsel's review of the outstanding financing statements of record, Holcomb Bank is the only entity which claims to have a lien, security interest, or other encumbrance in the Debtors' crops.

5. The Trustee subsequently discovered that Holcomb Bank did not possess and/or perfect a security interest in Lisa's undivided one-half ownership interest in the above-mentioned crops and machinery/equipment.

6. On or about June 17, 2019, this Court entered an Order pursuant to the Stipulation of the Trustee and Holcomb Bank granting Holcomb Bank relief from the automatic stay. A copy of said Order is attached hereto and included the following provisions:

   a. Holcomb Bank stipulated and acknowledged that it is unperfected in an undivided one-half of the crops and machinery/equipment;

   b. Holcomb Bank was to duly arrange for the sale of its interest and the Trustee's interest in the crops;

   c. The entry of the Order was without prejudice to the Trustee's determination and ability to abandon the Bankruptcy Estate's interest in the farm machinery, equipment, and crops;

   d. The Chapter 7 Trustee was entitled to the proceeds of that portion of the machinery/equipment and crops retained by the Bankruptcy Estate and not abandoned.

7. Subsequent to the issuance of the above-mentioned Order, Holcomb Bank personnel inventoried both the debtor-owned crops and the machinery/equipment. To the best of the Trustee's knowledge and belief, Holcomb Bank intends to retain an auctioneer to sell, at public auction, the above-mentioned machinery/equipment. The auction is, tentatively, scheduled for mid August, and the Trustee intends to file a motion to approve the anticipated auction sale immediately after being presented with an auction agreement which, per the representations of Holcomb Bank's attorney, should be forthcoming shortly.

8. Insofar as the crops are concerned, per the representations made to the Trustee through Holcomb Bank's counsel, Holcomb Bank estimates that there is, approximately 165,000 total bushels of corn owned by the Debtors and stored in various bins located on debtor-owned real estate.

9. As a result of recent heavy rains and flooding, farmers have had difficulty planting the 2019 corn crop and, as a result, the current price for corn has increased substantially.

10. The Trustee has been advised that 25,000 bushels of debtor-owned corn has been negotiated to be sold to Maplehurst Grain for $4.33/bushel/gross and that 50,000 bushels of debtor-owned corn has been negotiated to be sold to Davidson Grain for $4.23/bushel/gross. The anticipated costs of said sale equal $.12/bushel for transportation and a total of, approximately, $6,000.00 for, *inter alia*, electric utility utilized to operate the machinery required to remove/transport the corn.

11. As of the date of the filing of the within motion, the above-mentioned sale has not yet been formally closed, i.e., the purchase price has not yet been paid by the purchasers and the Trustee has not yet executed any instrument of conveyance transferring the Bankruptcy Estate's interest in Lisa Chidley's undivided one-half interest in the above-mentioned crops.

12. To the best of the Trustee's knowledge and belief, Holcomb Bank acted expeditiously to sell the above-mentioned 75,000 bushels of debtor-owned corn because the bank was properly of the opinion that the sale had to take place expeditiously in order to benefit from the recent upward spike in corn prices.

13. Based upon the foregoing, Holcomb Bank and the Trustee are both of the belief that if the foregoing described sale of debtor-owned corn is approved and if this Court, further, approves the sale of the balance of the debtor-owned corn, the total net proceeds will equal, approximately, $690,000.00 – half of which would be paid to the Trustee per the above-mentioned Stipulation with Holcomb Bank.

14. By this motion, the Trustee is seeking Bankruptcy Court approval pursuant to Bankruptcy Code § 363 to complete the sale of the above-mentioned 75,000 bushels of debtor-owned corn and, further, authorizing the Trustee to sell the Bankruptcy Estate's right, title and interest in the undivided one-half interest in the balance of the corn at a market price as negotiated by Holcomb Bank.

15. Per the agreement with Holcomb Bank, the Trustee's share of the above-mentioned net sale proceeds generated by the sale of Lisa Chidley's undivided one-half interest in the crops will be paid directly to the Trustee.

16. In addition to the foregoing, the Trustee is seeking leave pursuant to 11 U.S.C. § 554(a) and Bankruptcy Rule 6007 to abandon Co-Debtor Kevin Chidley's undivided one-half ownership interest in the above-mentioned crops effective as of the date of the bankruptcy filing, i.e., March 13, 2019.

17. The Trustee desires to abandon Kevin Chidley's undivided one-half interest in the above-mentioned crops because, as noted above, Kevin Chidley's interest in the above-mentioned crops is subject to a first position, perfected, security interest in favor of Holcomb Bank and the Trustee believes based on advice from his accountant that there may be some tax benefits to the Estate from the requested abandonment.

WHEREFORE, Trustee Richard J. Mason, respectfully prays as follow:

A. The Trustee Richard J. Mason be authorized to sell, or cause or permit to be sold, the Estate's right, title, and interest in Lisa Chidley's undivided one-half ownership interest in the Debtors' crops pursuant to the terms and conditions detailed above;

B. That this Court, further, enter an Order authorizing and effectuating the Trustee's abandonment of Kevin Chidley's undivided one-half ownership interest in the above-mentioned crops;

C. That said Order further provide that the Trustee is deemed to have abandoned Kevin Chidley's undivided one-half ownership interest in the above-mentioned crops as of the date of the bankruptcy filing, March 13, 2019; and

D. For such other and further relief as the Court deems just and equitable.

Richard J. Mason, Trustee

By: Craig A. Willette, his special counsel

By:_____

Craig A. Willette - 3021211
Yalden, Olsen & Willette
1318 East State Street
Rockford, IL 61104
(815) 965-8635
craigwillette@comcast.net