IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>CHIDLEY, KEVIN<br>CHIDLEY, LISA<br>　　　　　　　　　Debtors.<br><br>Address:　　1212 N. 14th Street<br>　　　　　　　Rochelle, IL  61068<br><br>Last four digits of SSN:　　5230 and 5576 | CHAPTER 7 BANKRUPTCY<br><br>CASE NO. 19-80578 |

### NOTICE OF TRUSTEE'S SECOND MOTION TO AUTHORIZE TRUSTEE TO SELL TRUSTEE'S RIGHT, TITLE AND INTEREST IN UNDIVIDED HALF INTEREST IN CROPS OWNED BY CO-DEBTOR LISA CHIDLEY COMBINED WITH MOTION TO SHORTEN NOTICE

　　　　The Trustee has filed a Second Motion to Authorize Trustee to Sell the Trustee's Right, Title, and Interest in Undivided Half Interest in Crops Owned by Co-Debtor, Lisa Chidley, combined with Motion to Shorten Notice. A copy of said Motion referred to herein is available for inspection at the offices of the Clerk of the U.S. Bankruptcy Court or at the offices of Yalden, Olsen & Willette, during usual business hours.

　　　　<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

　　　　If you do not want the Court to grant the Motion and want the Court to consider your views on said Motion, then you or your attorney must:

1.　　　　File a written response to the above Motion on or before the date set for the hearing on the Motion at the United States Bankruptcy Court, 327 South Church Street, Room 3100, Rockford, Illinois 61101; OR

2.　　　　Attend the hearing scheduled to be held on July 24, 2019, at 9:00 a.m. at the United States Bankruptcy Court 327 South Church Street, Room 3100, Rockford, Illinois 61101.

　　　　If you mail your response to the Court for filing, you must mail it early enough so that the Court will receive it on or before the date stated above.

　　　　You must also mail a copy to:　　Attorney Craig A. Willette
　　　　　　　　　　　　　　　　　　　　　Yalden, Olsen & Willette
　　　　　　　　　　　　　　　　　　　　　1318 E. State Street
　　　　　　　　　　　　　　　　　　　　　Rockford, IL  61104-2228

　　　　If you or your attorney do not take these steps, the Court may decide that you do not oppose the Motion and grant the same.

Dated: July 19, 2019

_____
Attorney Craig A. Willette
Yalden, Olsen & Willette
1318 E. State Street
Rockford, IL 61104-2228

STATE OF ILLINOIS       } SS       **PROOF OF SERVICE**
COUNTY OF WINNEBAGO }

    The undersigned, being first duly sworn on oath, deposes and says that she served the attached by placing a true and correct copy of said notice in each envelope, addressed on Exhibit A attached. (Except for the documents to the U.S. Trustee's Office and Debtor's attorney, which should have been served electronically by the Bankruptcy Court.) That she sealed said envelopes and placed sufficient U.S. postage on each; that she deposited said envelopes so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 o'clock p.m. on the 19th day of July, 2019.

                              */s/ Colleen M. Lemek*

Craig A. Willette - 3021211
Yalden, Olsen & Willette
1318 East State Street
Rockford, IL 61104
(815) 965-8635
craigwillette@comcast.net

Motion SECOND to Authorize Sale of Crops.wpd

Maplehurst Farms, Inc.
936 Moore Road
Rochelle, IL 61068-9789

Martin Goodrich & Waddell, Inc.
% Jamie S. Cassel, Esq.
2902 McFarland Road, Suite 400
Rockford, IL 61107-6801

Nationstar Mortgage LLC
d/b/a Mr. Cooper
% Shapiro Kreisman & Associates, LC
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015-1831

ABP Farms Trust / Busey Trust Co.
% Martin Goodrich & Waddell Inc.
2020 Aberdeen Court
Sycamore, IL 60178-3140

Ag direct
PO Box 2409
Omaha, NE 68103-2409

Conserv FS
P.O. Box 1550
Woodstock, IL 60098-1550

Daphne & Lloyd Holterman
W3757 Ebenezer Drive
Watertown, WI 53094-8708

Holcomb State Bank
108 W. Main Street
Holcomb, IL 61043

Hubbard Farm
Charles Hubbard
2419 Meridian Road
Chana, IL 61015-9686

Hudson Insurance Group
7300 W. 110th Street, Suite 400
Overland Park, KS 66210-2332

John Deere Financial
% Howard & Howard Attorneys PLLC
200 S. Michigan Ave., Suite 1100
Chicago, IL 60604

MGW Real Estate Services
2020 Aberdeen Court
Sycamore, IL 60178-3140

Midland State Bank
% Martin, Goodrich & Waddell Inc.
2020 Aberdeen Court
Sycamore, IL 60178-3140

Mr. Cooper
P.O. Box 650783
Dallas, TX 75265-0783

Nationstar Mortgage
d/b/a Mr. Cooper
8950 Cypress Waters Blvd.
Coppell, TX 75019-4620

PHI Financial Services
P.O. Box 733260
Dallas, TX 75373-3260

PNC Bank
P5-PCLC-01-CB
2730 Liberty Avenue
Pittsburgh, PA 15222-4704

PNC Bank
P.O. Box 747066
Pittsburgh, PA 15274-7066

Rock Valley Credit Union
1201 Clifford Avenue
Loves Park, IL 61111-7500

Rock Valley Federal Credit Union
561 E. Flagg Road
Rochelle, IL 61068-9266

Sunset Farms
4340 S. Kings Road
Rochelle, IL 61068-9758

Thomas R. Brown & Lori J. Brown
% Martin Goodrich & Waddell Inc.
2020 Aberdeen Court
Sycamore, IL 61078-3140

U.S. Bank
P.O. Box 5229
Cincinnati, OH 45201-5229

Kevin Chidley
1212 N. 14th Street
Rochelle, IL 61068-1280

Lisa Chidley
1212 N. 14th Street
Rochelle, IL 61068-1280

Holcomb State Bank
Attorney James Stevens
6833 Stalter Drive
Rockford, IL 61108

Kent Chidley by his representative
and next of kin Kevin Chidley
1212 N. 14th Street
Rochelle, IL 61068-1280

Farm Credit Services of America PCA
P.O. Box 2409
Omaha, NE 68103

Holland & Sons Inc.
908 Bloody Gulch Road
Dixon, IL 61021

Deere & Company
6400 NW 86th Street
P.O. Box 6600
Johnston, IA 50131-6630

Larry Chidley, General Partner
Sunset Farms Limited Partnership
811 Sixth Avenue
Dixon, IL 61021

Atty. Brent Wagner
Hewitt & Wagner
1124 Lincoln Highway
Rochelle, IL 61068

Michele Barrett
1113 Cocklin Street
Mechanicsburg, PA 17055

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
WESTERN DIVISION

| IN RE: | CHAPTER 7 BANKRUPTCY |
|---|---|
| CHIDLEY, KEVIN<br>CHIDLEY, LISA | CASE NO. 19-80578 |
| Debtors. | |

**TRUSTEE'S SECOND MOTION TO AUTHORIZE TRUSTEE TO SELL TRUSTEE'S RIGHT, TITLE AND INTEREST IN UNDIVIDED HALF INTEREST IN CROPS OWNED BY CO-DEBTOR, LISA CHIDLEY, COMBINED WITH MOTION TO SHORTEN NOTICE**

NOW COMES the Chapter 7 Bankruptcy Trustee herein, Richard J. Mason, by his special counsel, Craig A. Willette, who in support of his Motion to Authorize Trustee to Sell His Right, Title and Interest in Undivided Half Interest in Crops Owned by Co-Debtor, Lisa Chidley, combined with Motion to Shorten Notice states as follows:

1. The Debtors herein, Kevin Chidley ("Kevin") and Lisa Chidley ("Lisa"), husband and wife, filed a Chapter 7 bankruptcy petition herein on March 13, 2019.

2. The Debtors' bankruptcy schedules/statements identified their ownership interest in certain crops described as 175,000 bushels of corn which they valued at $500,000.00. The estimated value/bushel equaled, approximately, $2.86 per bushel.

3. The Debtors' identified their primary secured creditor as Holcomb Bank and Holcomb Bank asserted a blanket security interest in the above-mentioned crops as well as certain debtor-owned machinery and equipment.

4. To the best of the Trustee's knowledge and belief, per the disclosures made on the Debtors' bankruptcy schedules/statements and Trustee's counsel's review of the outstanding financing statements of record, Holcomb Bank is the only entity which claims to have a lien, security interest, or other encumbrance in the Debtors' crops.

Page 1

5. The Trustee subsequently discovered that Holcomb Bank did not possess and/or perfect a security interest in Lisa's undivided one-half ownership interest in the above-mentioned crops and machinery/equipment.

6. On or about June 17, 2019, this Court entered an Order pursuant to the Stipulation of the Trustee and Holcomb Bank granting Holcomb Bank relief from the automatic stay. A copy of said Order is attached hereto and included the following provisions:

    a. Holcomb Bank stipulated and acknowledged that it is unperfected in an undivided one-half of the crops and machinery/equipment;

    b. Holcomb Bank was to duly arrange for the sale of its interest and the Trustee's interest in the crops;

    c. The entry of the Order was without prejudice to the Trustee's determination and ability to abandon the Bankruptcy Estate's interest in the farm machinery, equipment, and crops;

    d. The Chapter 7 Trustee was entitled to the proceeds of that portion of the machinery/equipment and crops retained by the Bankruptcy Estate and not abandoned.

7. Subsequent to the issuance of the above-mentioned Order, Holcomb Bank personnel inventoried the debtor-owned crops. Holcomb Bank has reported to the Trustee that the total amount of the Debtor-owned crops total, approximately, 165,500 bushels.

8. As a result of recent heavy rains and flooding, farmers have had difficulty planting the 2019 corn crop; and the current price for corn has increased substantially.

9. This Court has previously entered an Order approving the Trustee's sale of his right, title, and interest in Lisa's undivided half interest in the following crops as described below:

| Purchaser | Quantity | Price |
|---|---|---|
| Maplehurst Grain | 25,000 bushels | $4.33/bushel/gross |
| Davidson Grain | 50,000 bushels | $4.23/bushel/gross |

10. This Court's Order, additionally, authorized the Trustee's abandonment of the entirety of his right, title, and interest in Kevin Chidley's undivided one-half ownership interest of the Debtor-owned corn, i.e., the total 175,000 bushels disclosed in the Debtors' bankruptcy schedules. A copy of said Order is attached hereto.

11. The Trustee has been advised that Holcomb Bank has negotiated the following described additional sales of Debtor-owned corn, the terms of which are described as follows:

| Purchaser | Quantity | Price |
|---|---|---|
| Maplehurst Grain | 25,000 bushels | $4.595/bushel/gross |
| Maplehurst Grain | 1,787.52 bushels | $4.440/bushels/gross |
| **Total** | **26,787.52 bushels** | |
| Davidson Grain | 25,000 bushels | $4.340/bushel/gross |
| Davidson Grain | 25,000 bushels | $4.180/bushel/gross |
| Davidson Grain | 1,656.79 bushels | $4.32/bushel/gross |
| Davidson Grain | 1,741.43 bushels | $4.340/bushel/gross |
| Davidson Grain | 10,000 bushels | $4.390/bushel/gross |
| **Total** | **63,398.22 bushels** | |
| **Grand Total** | **90,185.74 bushels** | |

12. The Trustee has been further advised that certain anticipated expenses have been incurred for and in connection with the above-mentioned additional corn sales and that these expenses total, approximately, $36,300.00.

13. Overall, the Trustee now anticipates a total net sale proceeds from the Debtors' corn (half of which will be payable to the Trustee) of, approximately, $685,000.00.

14. As of the date of the filing of the within motion, the above-mentioned sale has not yet been formally closed, i.e., the purchase price has not yet been paid by the purchasers and the Trustee has not yet executed any instrument of conveyance transferring the Bankruptcy Estate's interest in Lisa Chidley's undivided one-half interest in the above-mentioned crops.

15. To the best of the Trustee's knowledge and belief, Holcomb Bank acted expeditiously to sell the above-mentioned debtor-owned corn because the bank was properly of the opinion that the sale had to take place expeditiously in order to benefit from the recent upward spike in corn prices.

16. By this motion, the Trustee is seeking Bankruptcy Court approval pursuant to Bankruptcy Code § 363 to complete the sale of the Trustee's right, title and interest in Lisa Chidley's undivided one-half ownership interest in the above-mentioned 90,185.74 bushels of debtor-owned corn to the entities and for the prices identified above.

17. Per the agreement with Holcomb Bank, the Trustee's share of the above-mentioned net sale proceeds generated by the sale of the Trustee's right, title and interest of Lisa Chidley's undivided one-half interest in the crops will be paid directly to the Trustee.

18. As represented in this motion, the price for corn has recently increased substantially given the large amount of rainfall which has occurred this spring planting season preventing a number of farmers from planting corn in a timely fashion. This has resulted in a recent spike in the price of corn. See the attached summary chart of corn prices.

19. By virtue of the foregoing, it is in the best interest of the Bankruptcy Estate that the 21 days required by rule to approve the sale of the Trustee's interest in the Debtors' corn crop be reduced so as to permit an accelerated date for closing.

WHEREFORE, Trustee Richard J. Mason, respectfully prays as follow:

    A. The Trustee Richard J. Mason be authorized to sell, or cause or permit to be sold, the Estate's right, title, and interest in Lisa Chidley's undivided one-half ownership

interest in the Debtors' above-mentioned 90,185.74 bushels of corn as described herein pursuant to the terms and conditions detailed above;

B. That this Court authorize the shortened notice of the projected sale of Lisa Chidley's undivided one-half interest in the Debtors' corn from the 21 days required by Rule to the amount of days given hereby on the attached Notice.

C. For such other and further relief as the Court deems just and equitable.

                         Richard J. Mason, Trustee

                         By: Craig A. Willette, his special counsel

                         By: _____

Craig A. Willette - 3021211
Yalden, Olsen & Willette
1318 East State Street, Rockford, IL 61104
(815) 965-8635
craigwillette@comcast.net

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

| | |
|---|---|
| In Re: ) <br> KEVIN CHIDLEY and LISA CHIDLEY ) <br> fdba KC FARMS, ) <br> ) <br> ) <br> ) <br> ) <br> Debtor(s)   ) | BK No.:   19-80578 <br><br> Chapter: 7 <br><br> Honorable Thomas M. Lynch |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER coming on to be heard on the Motion of HOLCOMB STATE BANK a/k/a HOLCOMB BANK ("HOLCOMB BANK"), a secured creditor herein, by its attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, LLP, for relief from the automatic stay, the Court having jurisdiction over the subject matter and due notice having been sent to all parties of interest, and certain parties hereto having agreed to the provisions of the within Order as evidenced by the signatures hereto, and the Court being fully advised in the premises;

THE COURT FINDS AS FOLLOWS:

    1.    HOLCOMB BANK's motion asserts that it holds a perfected security interest in certain farm machinery and equipment owned by the Debtors as more fully described in Exhibit A attached hereto (collectively "the Sale Assets");

    2.    HOLCOMB BANK's motion further asserts that it holds a perfected security interest in the crops owned by the Debtors;

    3.    HOLCOMB BANK has stipulated and acknowledged that it is unperfected in an undivided one-half of the Sale Assets and the crops and may be unperfected in certain other assets subject to purchase money security interests asserted by John Deere and Ag Direct; and

    4.    The Chapter 7 Bankruptcy Trustee herein, Richard J. Mason, has advised the Court that he has sought the advice of an accounting firm to assist him with determining whether or not it is in the best interest of the Bankruptcy Estate to abandon the Estate's interest in a portion of the above-mentioned farm machinery, equipment, and crops -- in particular, co-Debtor Kevin Chidley's interest in said assets.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

    A.    That the Movant, HOLCOMB BANK, is granted relief from the automatic stay to enforce its rights against the Sale Assets and crops;

    B.    HOLCOMB BANK shall duly arrange for the sale of its interest and the Trustee's interest in the Sale Assets through a public sale;

    C.    HOLCOMB BANK shall duly arrange for the sale of its interest and the Trustee's interest in the crops;

    D.    The entry of the within Order is without prejudice to the Trustee's determination and ability to abandon the Bankruptcy Estate's interest in the farm machinery, equipment, and crops or a portion thereof;

Rev: 20170105_bko

E. The Chapter 7 Trustee may, subject to further Order of the Court, abandon the Estate's interest in certain of the Sale Assets as the Trustee sees fit;

F. The Chapter 7 Trustee shall be entitled to the proceeds of that portion of the Sale Assets and crops retained by the Bankruptcy Estate and not abandoned, subject to the pro-rata portion of the expenses of sale, to be determined by further Order of Court;

G. HOLCOMB BANK's motion, insofar as it relates to the real estate owned by the Debtors, shall be continued to the 14th day of August, 2019, at 9:30 a.m.;

H. The provisions of Bankruptcy Rule 4001(a)(3) are waived, and HOLCOMB BANK may immediately enforce and implement this Order;

I. The provisions of Bankruptcy Code § 362(c)(1) and (2) have been waived by the agreement of the parties hereto; and

Approved:

_____
Richard J. Mason, Chapter 7 Bankruptcy Trustee by his att Craig Willette

_____
Bernard J. Natale, Attorney for the Debtors

_____
Craig A. Willette, Special Counsel for the Chapter 7 Bankruptcy Trustee

_____
James E. Stevens, Attorney for Holcomb Bank

Enter: _____
Honorable Thomas M. Lynch
United States Bankruptcy Judge

Dated: **1 7 JUN 2019**

**Prepared by:**
Attorney James E. Stevens (3128256)
BARRICK, SWITZER, LONG,
 BALSLEY & VAN EVERA, LLP
6833 Stalter Drive
Rockford, IL 61108
(815) 962-6611
jstevens@bslbv.com

Rev: 20170105_bko

Home > Markets > Commodities > Corn

METALS
Gold
Silver
Copper
Platinum
Palladium

ENERGIES
Crude Oil
Heating Oil
Gas
Natural Gas
Crude Oil Brent
Ethanol Futures

GRAINS
Wheat
Corn
Soybeans
Soybean Meal
Soybean Oil
Oats
Rice
Red Wheat
Spring Wheat
Canola

MEATS
Live Cattle
Feeder Cattle
Lean Hogs

# Corn

## Latest Price & Chart for Corn

### End of day Commodity Futures Price Quotes for Corn

[Chart: ZCN19: 440-0, showing corn futures prices from Apr 19 through Jun, ranging approximately 340-0 to 470-0, with volume 492,143 and Open Interest 1,761,307]

Select Timeframe: | 3 Months |    Refresh

**Corn Related ETFs:** CORN

View CF Commodities Heat Map

Latest Corn & Commodities Articles

### Site Uses Cookies

This website utilizes cookies and similar technologies for functionality and other purposes. Your use of this website constitutes your acceptance of cookies. To learn more about our cookies and the choices we offer, please see the link to our Cookie Policy.

Ok, got it    Cookie Policy

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Western Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 19-80578 |
| | ) | |
| KEVIN CHIDLEY and LISA CHIDLEY, | ) | Chapter: 7 |
| | ) | Honorable Thomas M. Lynch |
| | ) | SELECT IF OUTLYING AREA |
| Debtor(s) | ) | |

### ORDER TO AUTHORIZE TRUSTEE TO SELL AND ABANDON PROPERTY

THIS CAUSE coming to be heard on this 3rd day of July, 2019, upon the hearing of the Trustee's Motion to Authorize Trustee to Sell Undivided Half Interest in Crops Owned by Co-Debtor, Lisa Chidley, and to Abandon Undivided Half Interest in Crops Owned by Co-Debtor, Kevin Chidley ("Motion"), there having been no objection to the Motion, and the Court after considering the Notice, the pleadings on file, the statements of counsel and being fully advised in the premises:

HEREBY FINDS AS FOLLOWS:

1. The Debtors herein, Kevin Chidley ("Kevin") and Lisa Chidley ("Lisa"), husband and wife, have a certain undivided ownership interest in certain crops including, but not necessarily limited to, the 175,000 bushels of corn which they identified in their bankruptcy schedules/statements ("Debtors' Crops").

2. The Debtors primary secured creditor, Holcomb Bank, has acknowledged that it does not possess and/or is unperfected in Lisa's undivided one-half ownership in the Debtors' Crops.

3. This Court previously entered an Order on June 17, 2019, pursuant to the Stipulation of the Trustee and Holcomb Bank which included, inter alia, the following provisions:

    a. Holcomb Bank stipulated and acknowledged that it is unperfected in an undivided one-half of the Debtors' Crops;

    b. Holcomb Bank was to duly arrange for the sale of its interest and the Trustee's interest in the Debtors' Crops;

    c. The entry of the Order was without prejudice to the Trustee's determination and ability to abandon the Bankruptcy Estate's interest in the Debtors' Crops; and

    d. The Chapter 7 Trustee was entitled to the proceeds of that portion of the Debtors' Crops retained by the Bankruptcy Estate and not abandoned.

4. The terms and conditions of sale of the Trustee's undivided one-half interest in the Debtors' Crops as described in the Trustee's Motion is reasonable and in the best interests of the Estate.

Based upon the foregoing, IT IS HEREBY ORDERED:

Rev: 20151029_bko

A. That Trustee Richard J. Mason be and the same is hereby authorized to sell, or cause or permit to be sold his right, title, and interest in Lisa Chidley's undivided one-half interest in the following described crops:

1. 25,000 bushels of corn to Maplehurst Grain; and
2. 50,000 bushels of corn to Davidson Grain.

B. That in accordance with the Motion, the Trustee is further authorized to execute any instrument necessary to effectuate the transfer of Lisa Chidley's undivided one-half interest in the above-mentioned corn to the purchasers in accordance with Bankruptcy Rule 6004(f)(2); and

C. That Trustee Richard J. Mason is deemed to have abandoned Co-Debtor Kevin Chidley's undivided one-half ownership interest in the entirety of the Debtors' Crops (i.e, 175,000 bushels) effective as of the date of the bankruptcy filing, i.e., March 13, 2019.

Enter: *[signature]*

Dated: **JUL 10 2019**

United States Bankruptcy Judge

**Prepared by:**
Craig A. Willette - 3021211
Yalden, Olsen & Willette
1318 E. State Street, Rockford, IL 61104-2228
(815) 965-8635 | craigwillette@comcast.net

Rev: 20151029 bko